UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA BUHMANN,

    Plaintiff,

v.                              Case No. 8:23-cv-1576-VMC-SPF

SCHOOL BOARD OF POLK COUNTY,
FLORIDA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant School Board of Polk County, Florida's Motion for Summary Judgment (Doc. # 36), filed on April 10, 2024. Plaintiff Virginia Buhmann has not filed a response to the Motion and the time to respond has expired. For the reasons that follow, the Motion is granted.

**I.   Background**

Plaintiff initiated this action on July 14, 2023, asserting a violation of the Family and Medical Leave Act ("FMLA") by her employer. (Doc. # 1). She filed her amended complaint on August 28, 2023, again asserting a single FMLA claim based on Defendant's denial of Plaintiff's FMLA leave request. (Doc. # 22). The amended complaint seeks "compensation for lost wages, benefits, liquidated damages,

1

interest, attorney's fees and costs, and any other damages or remuneration allowable at law" under the FMLA. (Id. at 1). Defendant filed its answer on September 7, 2023. (Doc. # 23). The case proceeded through discovery.

Now, Defendant moves for summary judgment (Doc. # 36), and Plaintiff has failed to respond. Thus, the Motion is unopposed. The record evidence cited by Defendant reveals the following. See (Doc. # 21 at 2-3) ("In deciding a motion for summary judgment, the Court will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided record evidence supports the moving party's statement.").

"On or about November 15, 2022, [Plaintiff] requested [FMLA] 'leave time' with a retroactive effective or start date of November 1, 2022." (King Affidavit Doc. # 36-1 at ¶ 5). "At the time [Plaintiff] requested FMLA leave, [Defendant's] staff performed a review of [Plaintiff's] employment history. Staff determined [Plaintiff] was several days short of FMLA's minimum of one year employment requirement and denied [Plaintiff] FMLA leave." (Id. at ¶ 6).

"[Defendant's] staff approved [Plaintiff] for [non-FMLA] medical leave. At the time [P]laintiff requested FMLA leave, [Defendant's] policy 3430.03, stated,

2

> Employees may be granted up to twelve (12) months of unpaid medical leave without benefits for illness to themselves or members of their household or as otherwise provided in the various collective bargaining agreements. The Superintendent may grant an employee an additional twelve (12) months of unpaid medical leave in cases involving unusual medical circumstances.

(Id. at ¶ 7 & Ex. 1, The School Board of Polk County, Florida's policy 3430.03).

"Medical leave does not include paid benefits, but [Defendant] holds the same position open for the employee once they return from medical leave." (Id. at ¶ 8). "[Plaintiff] was out of work on approved medical leave starting November 1, 2022, and she returned to her same job on January 23, 2023." (Id. at ¶ 9).

"When an employee like [Plaintiff] is on FMLA leave, [Defendant] is required to maintain the employee's group health insurance. When an employee is not eligible for FMLA leave and that employee takes medical leave or another extended leave of absence, under most circumstances, [Defendant] does not maintain group health insurance and the cost of health insurance becomes the responsibility of the employee during medical or other non-FMLA leave." (Id. at ¶ 10). "Also, an employee not eligible for FMLA leave who takes an extended leave of absence runs the risk of losing their

3

specific job and would be required to re-apply for a position for which they are qualified at the end of their leave." (Id.).

"Due to an administrative oversight by [Defendant's] staff, [Defendant] continued to maintain [Plaintiff's] group health coverage during the time she was on medical leave. Based upon a review of available and relevant records, [Plaintiff] was not required to pay any additional money for her group health coverage during the length of her medical leave." (Id. at ¶ 11).

"On January 23, 2023, [Plaintiff] returned to work. She remains employed by [Defendant] in the same position she was in when she took medical leave on November 1, 2022." (Id. at ¶ 12). "[Plaintiff] was not subject to any adverse employment decisions while she was on medical leave from November 1, 2022, to January 23, 2023." (Id. at ¶ 13). "[Plaintiff] was not denied any benefits guaranteed by FMLA while she was on medical leave from November 1, 2022, to January 23, 2023." (Id. at ¶ 14).

Based on this evidence, Defendant asserts that — even if she were eligible for FMLA leave — Plaintiff suffered no adverse employment actions nor suffered any damages when

4

Defendant denied her FMLA leave. (Doc. # 36). As explained below, the Court agrees.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex Corp., 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. **Analysis**

As mentioned before, this Motion is unopposed by Plaintiff because she failed to respond by the deadline set by the Middle District of Florida's Local Rule 3.01(c). See Local Rule 3.01(c) ("[A] party may respond within twenty-one days after service to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment. If a party fails to timely respond, the motion is subject to treatment as unopposed.").

"In unopposed motions for summary judgment, 'the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.'" Hurst v. Youngelson, 354 F. Supp. 3d 1362, 1382 (N.D. Ga. 2019) (quoting United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004)). "The [C]ourt need not review all the evidentiary materials *sua sponte*, but the [C]ourt must make sure that the order is supported at least by the evidentiary materials submitted in support of the order." Id.

Here, the record evidence presented by Defendant supports the grant of summary judgment in Defendant's favor.

While Defendant denied Plaintiff's request for FMLA leave, she received the same treatment she would have received if her FMLA request had been granted. That is, Plaintiff took twelve weeks unpaid leave from her job, during which time Defendant maintained Plaintiff's group health insurance due to an oversight. (King Affidavit Doc. # 36-1 at ¶¶ 9-11). Importantly, when her unpaid leave was finished, Plaintiff returned to her same position with Defendant. (Id. at ¶ 12). Thus, Plaintiff "was not subject to any adverse employment decisions while she was on medical leave from November 1, 2022, to January 23, 2023," and "was not denied any benefits guaranteed by FMLA while she was on medical leave from November 1, 2022, to January 23, 2023." (Id. at ¶¶ 13-14).

The FMLA allows an eligible employee the right to take up to twelve weeks of unpaid leave annually for several reasons, including "a serious health condition" that prevents the employee from performing the functions of her position. 29 U.S.C. § 2612(a)(1). After completion of FMLA leave, eligible employees have the right "to be restored by the employer to the position of employment held by the employee when the leave commenced." 29 U.S.C. § 2614(a)(1). "During the mandatory 12 weeks, the employer must maintain the employee's group health coverage." Ragsdale v. Wolverine

World Wide, Inc., 535 U.S. 81, 86 (2002) (citing 29 U.S.C. § 2614(c)(1)).

Here, the amended complaint only asserts a FMLA interference claim. See (Doc. # 22 at 2-3) (complaining of Defendant's denial of Plaintiff's FMLA request). Employers who violate the FMLA are "liable to any eligible employees affected . . . for damages" and "for such equitable relief as may be appropriate." 29 U.S.C. § 2617(a)(1). A plaintiff employee can recover damages under the FMLA for "any wages, salary, employment benefits, or other compensation denied or lost to such employee *by reason of the violation*," or "in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee *as a direct result of the violation*." 29 U.S.C. § 2617(a)(1)(A)(i) (emphasis added).

As the Supreme Court has explained, "[t]o prevail under the cause of action set out in § 2617, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights." Ragsdale, 535 U.S. at 89. "Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation

9

and benefits lost 'by reason of the violation,' § 2617(a)(1)(A)(i)(I), for other monetary losses sustained 'as a direct result of the violation,' § 2617(a)(1)(A)(i)(II), and for 'appropriate' equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B)." Id.

"A FMLA interference claim based solely on her leave status requires Plaintiff to show that she was denied benefits because she was not on FMLA leave." Rodriguez v. Sch. Bd. of Hillsborough Cnty., 60 F. Supp. 3d 1273, 1279 (M.D. Fla. 2014). The Eleventh Circuit "has previously held that, even where there may have been technical violations of the FMLA, those violations are not compensable where, as here, a plaintiff has failed to demonstrate that he suffered any 'adverse employment action' for purposes of stating a prima facie case under the statute." Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006); see also Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11th Cir. 1999) (stating "[e]ven if the defendants have committed certain technical infractions under the FMLA, plaintiff may not recover in the absence of damages" and noting that "the FMLA does not allow recovery for mental distress or the loss of job security").

Plaintiff suffered no damages "by reason of" the denial of her FMLA leave because (1) she received the same twelve

weeks of unpaid leave with her group insurance maintained that she would have received if she had been granted FMLA leave and (2) she returned to her same position after her medical leave, just as she would have if she had been on FMLA leave. See Graham, 193 F.3d at 1284 (holding that employee suffered no damages when she was wrongly told she did not qualify for FMLA but was nonetheless given equivalent leave). There is no evidence before the Court that Defendant's alleged technical violation of the FMLA resulted in any actual monetary losses for Plaintiff. Indeed, by not responding to the Motion, Plaintiff has failed to produce any evidence that could create a genuine dispute as to whether she suffered any damages.

In short, Plaintiff's FMLA claim fails as a matter of law. Summary judgment is granted in favor of Defendant.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant School Board of Polk County, Florida's Motion for Summary Judgment (Doc. # 36) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff Virginia Buhmann.

(3) Thereafter, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of May, 2024.

<u>_Virginia M. Hernandez Covington_</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE